United States District Court
Eastern District of Michigan
Southern Division

United States of America,

       Plaintiff,

v.

       Hon. Susan K. DeClercq

       Case No. 25-CR-20805

Kaitlyn Easter,

       Defendant.
_____/

# Plea Agreement

The United States of America and the defendant, Kaitlyn Easter, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.    Count of Conviction**

The defendant will waive her right to indictment and trial and will plead guilty to Count 1 of the First Superseding Information. Count 1 charges the defendant with Conspiracy to Commit Wire Fraud under 18 U.S.C. § 1349.

**2.    Statutory Maximum Penalties**

The defendant understands that the count to which she is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 20 years |
| --- | --- | --- |
| | Fine: | Up to $250,000, or twice the gain/loss (18 U.S.C. § 3571(d)). |
| | Term of supervised release: | Up to 3 years |

**3.   Elements of Counts of Conviction**

The elements of Count 1 (Conspiracy to Commit Wire Fraud) are:

(1) Two or more persons conspired, or agreed, to commit the crime of wire fraud; and

(2) The defendant knowingly and voluntarily joined the conspiracy.

The elements of the crime of wire fraud are:

(1) The defendant devised and knowingly participated in a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

(2) The defendant acted with the intent to defraud; and

(3) In advancing, furthering, or carrying out the scheme, the defendant caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

4. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

From at least in or around approximately November 2020, through at least in or around approximately July 2021, in the Eastern District of Michigan, and elsewhere, the defendant, KAITLYN EASTER, conspired and agreed with others, including Zorrell West, to commit the crime of wire fraud. EASTER knowingly and voluntarily joined this conspiracy.

The object of the conspiracy was for its members, including EASTER, to obtain money and enrich themselves by, among other things, conducting fraudulent and unauthorized financial transactions in the names of third parties.

In furtherance of the conspiracy and to accomplish its object, the conspirators obtained personal identifying information of third parties without those individuals' authorization. The conspirators, including EASTER, then used that personal identifying information to gain access to financial and retail accounts belonging to third-party victims.

EASTER personally caused fraudulent and unauthorized withdrawals to be conducted from third-party bank accounts. Those funds were fraudulently obtained for the benefit of EASTER and West.

EASTER and West also conducted unauthorized fraudulent transactions that were billed to third-party financial and retail accounts. Among those fraudulent transactions were purchases of retail items, such as cellular phones, which the conspirators fraudulently re-sold for their own benefit. The conspirators also fraudulently purchased items that they retained for their own use.

EASTER repeatedly used fraudulent access devices, including counterfeit driver's license cards and stolen credit card numbers associated with real third parties, to conduct fraudulent and unauthorized financial transactions. In doing so, EASTER knowingly and fraudulently impersonated multiple third-party victims.

In conducting their fraudulent transactions, the conspirators acted with an intent to defraud and misrepresented that they had authority to engage in the fraudulent transactions.

EASTER acknowledges that as a result of the illicit conduct in which she participated, which involved more than ten victims, the conspirators gained more than $150,000.

EASTER also acknowledges that that the conspirators caused interstate wire transfers in furtherance of the conspiracy, including transfers in connection with fraudulent transactions.

## 5. Advice of Rights

The defendant has read the First Superseding Information, has discussed the charges and possible defenses with her attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

 D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

 E. The right to confront and cross-examine adverse witnesses at trial;

 F. The right to testify or not to testify at trial, whichever the defendant chooses;

 G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

 H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

 I. The right to compel the attendance of witnesses at trial.

**6.** **Collateral Consequences of Conviction**

The defendant understands that her convictions here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her convictions here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of her convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her convictions.

## 7. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for her guideline calculation on Count 1. Further, if the defendant's offense level is 16 or

greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offenses to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

| Guideline Section | Description | Offense Level |
|---|---|---|
| 2B1.1(a)(1) | Base Offense Level | 7 |
| 2B1.1(b)(1)(F) | Gain of Amount More Than $150,000 | +10 |
| 2B1.1(b)(2)(A)(i) | 10 or More Victims | +2 |
| 2B1.1(b)(11) | Unauthorized use of a means of identification to produce or obtain another means of identification; possession of five or more means of identification unlawfully produced/obtained by another means of identification | +2 |

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in this agreement.

Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in this agreement. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 8. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the low end of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 8B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the Court impose a three-year term of supervised release.

### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and

3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

F.  **Forfeiture**

Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all right, title, and interest, she may possess in property, real or personal, that constitutes or is derived from proceeds traceable to her violation of Count 1 of the Information.

Defendant also agrees to the entry of a personal forfeiture money judgment against her in favor of the United States, representing the value of the property that the defendant obtained, directly or indirectly, as a result of her violation of Count One of the Information. The dollar amount of the forfeiture money judgment will be agreed to by the parties fourteen no less than (14) days prior to sentencing. If the parties do not agree to a forfeiture money judgment amount, the forfeiture money judgment amount will be decided by the court at or before sentencing.

With respect to any property identified for forfeiture and forfeiture money judgment agreed to by the parties, the defendant also agrees to the entry of one or more orders of forfeiture of her interest in such property and imposition of a forfeiture money judgment, upon application by the United States at, or any time before, her sentencing in this case.

Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant

acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this, pursuant to Rule 11(b)(l)(J), at the time her guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, any Double Jeopardy challenge and any challenge that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant also agrees that, if requested by the United States, she will testify truthfully in any related forfeiture proceeding regarding facts relating to any property identified for forfeiture.

### G. Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 9. Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's total sentence of

imprisonment does not exceed the top of the guidelines range determined by the Court, the defendant also waives any right she may have to appeal her sentence on any grounds.

**10. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**11. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw her guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 12. Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 13. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**14. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

15. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00pm on January 16, 2026. The government may withdraw from this agreement at any time before the defendant pleads guilty.

JEROME F. GORGON JR.
United States Attorney

_____
John K. Neal
Chief, Anti-Corruption Unit
Assistant United States
Attorney

_____
Andrew J. Yahkind
Assistant United States
Attorney

Dated: 12/19/25

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____
Marshall Goldberg
Attorney for Defendant

_____
Kaitlyn Easter
Defendant

Dated: 1/26/26